IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                          NO. 1:18-CR-30-1

JACKIE ARNOLD

## ORDER

When a criminal defendant who has satisfied the conditions of his appearance bond moves to have the cash his wife paid to secure the bond returned to his wife, does 28 U.S.C.A. § 2044 authorize a court to release the cash to the government to apply towards restitution owed by the defendant and his wife in a separate criminal case? This Court concludes that it does not here—particularly because Jackie Arnold's wife is his third party surety and, even if she was not, the government does not offer any argument or evidence that the cash belongs to Jackie, and did not file a motion for the cash security in this case or in the separate criminal case. Accordingly, the $1,000 that Jackie's wife paid to secure his appearance bond will be released to wife.

## I
## Background

### A. Criminal Case No. 1:16-cr-118

On December 14, 2016, Jackie Arnold and Sandra Arnold, husband and wife, were named along with five other individuals in a thirteen-count indictment charging various archaeological crimes. *See U.S. v. Arnold*, No. 1:16-cr-118 (N.D. Miss.) ("Criminal Case No. 1:16-cr-118"), at Doc. #1. Following their arrest, they were each granted release from custody subject to posting a $5,000 secured appearance bond. *Id.* at Docs. #30, #31. Each posted the requisite bond. *Id.* at Docs. #32, #33. Sandra's bond was secured by $500 in cash paid by Melissa Arnold. *Id.* at Doc. #32-1. Jackie's bond was secured by $500 in cash also paid by Melissa. *Id.* at Doc. #33-1.

Sandra, on April 26, 2017, and Jackie, on May 25, 2017, pled guilty to Count Four of the indictment, which charged them with unlawfully excavating archaeological resources on historic public lands where the cost of restoration and repair exceeded $500. *Id.* at Docs. #1, #67, #85. On September 7, 2017, this Court sentenced Sandra to imprisonment for twelve months and one day, with one year of supervised release, and ordered her to pay $18,626.53 in restitution, jointly and severally with four of her codefendants, including Jackie. *Id.* at Doc. #173. On October 13, 2017, this Court sentenced Jackie to fifteen months imprisonment, with one year of supervised release, and ordered him to pay $24,357.77 in restitution, jointly and severally with all five of his codefendants, including Sandra.[1] *Id.* at Doc. #204. No motion has been filed in Criminal Case No. 1:16-cr-118 seeking the cash securing Jackie's bond or the cash securing Sandra's bond.

### B. This Criminal Case

On March 20, 2018, Jackie and Sandra were charged in a single-count indictment with possessing firearms as felons. Doc. #1. After their arrest, each requested[2] and was granted[3] release from custody subject to posting a $10,000 secured appearance bond. Docs. #23, #31. Each posted the requisite bond. Docs. #24, #32. Jackie's bond was secured by $1,000 in cash paid by Sandra. Doc. #32-1. Sandra's bond was secured by $1,000 in cash paid by Melissa Arnold. Doc. #24-1.

On October 10, 2018, Jackie and Sandra pled guilty to the charges in the indictment. Docs. #36, #41. On January 29, 2019, this Court sentenced Jackie to a five-year term of probation and entered a judgment accordingly the next day. Doc. #58. Neither at his sentencing hearing nor in the judgment did the Court order Jackie to pay any restitution.

---

[1] Both Jackie and Sandra served their respective term of imprisonment. Pursuant to a petition and agreed order revoking Jackie's term of supervised release, the Court entered an amended judgment as to Jackie on June 24, 2019; however, the restitution amount remained the same. *See* No. 1:16-cr-118, at Doc. #252.

[2] Docs. #19, #25.

[3] Docs. #22, #30.

One day after entry of judgment, Jackie filed a "Motion to Release Bond Security" asking simply that the $1,000 cash deposit for his bond be returned to Sandra. Doc. #57. The government filed a response in opposition on February 4, 2019. Doc. #59. Jackie did not reply.

Later, on March 12, 2019, this Court sentenced Sandra to a five-year term of probation and issued a judgment accordingly two days later. Doc. #65. Neither at her sentencing hearing nor in the judgment did the Court order Sandra to pay any restitution.

## II
## Analysis

In his motion, Jackie asks for Sandra to be paid the $1,000 in cash she posted to secure his bond in *this* case. In its response, the government does not dispute that Jackie satisfied the conditions of his bond. Rather, the government, quoting only 28 U.S.C.A. § 2044, "objects to the money being returned to Sandra Arnold" and "requests that the Court enter an Order releasing the monies to the United States Attorney for application to the restitution jointly and severally owned [sic] by Jackie Arnold and Sandra Arnold in Criminal Case No. 1:16-cr-118-DMB-DAS."[4] Doc. #59 at 2.

28 U.S.C.A. § 2044 states in full:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.

As other courts have recognized, there is little case law discussing § 2044, much less case law

---

[4] According to the government, "[t]he restitution now has a remaining balance of $18,461.62." Doc. #59 at 1.

binding on this Court. *United States v. Hughes*, No. 3:15–CR–11, 2017 WL 2462725, at *1 (S.D. Tex. June 6, 2017). In evaluating Jackie's motion, this Court is guided by the statute's clear language[5] and decisions by other courts which this Court deems sound.

By its express terms, § 2044 has no application to third party sureties. "Although the term 'third party surety' is often used in the context of detention hearings to mean a bail bondsman or other corporate entity, a plain reading of Section 2044 reveals that this exclusion of third party sureties includes private individuals …." *United States v. Gonzalez*, No. 11–CR–80211, 2013 WL 654918, at *4 n.5 (S.D. Fla. Feb. 21, 2013); *see Hughes*, 2017 WL 2462725, at *1 (wife found to be third party surety); *United States v. Sparger*, 79 F. Supp. 2d 714, 719 (W.D. Tex. 1999) (bond money posted by defense attorney could not be held by government to be applied to defendant's unpaid fine);[6] *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996) ("Section 2044 grants courts authority to transfer bail funds if a defendant's own money has been used to post bond. The statute, however, does not extend such authority to a situation like the present case, in

---

[5] Section 2044 consists of three sentences. The second sentence is inapplicable here because Jackie's motion was filed after his sentencing by this Court.

[6] The district court in *Sparger* explained:

> Prior to the enactment of 28 U.S.C. § 2044, the Fifth Circuit was confronted with the issues of whether bail money paid by a third party could be used as a partial payment for a criminal fine, *United States v. Jones*, 607 F.2d 687 (5th Cir.1979), and whether bail money paid by a defendant could be used as a partial payment for a criminal fine, *United States v. Powell*, 639 F.2d 224 (5th Cir. Unit A 1981). In both instances, the Fifth Circuit answered in the negative. …
>
> The *Powell* court's reasoning was really just an extension and clarification of the reasoning used by the *Jones* court. The reasoning was threefold. First, the court held that the "purpose of bail is to secure the presence of the defendant, its object is not to enrich the government or punish the defendant." *Id*. (citations omitted). Second, the court found, "[l]ike any other contract, a bail bond should be construed to give effect to the reasonable intentions of the parties, with the understanding that the construction should be in favor of the surety who may not be held liable for a greater undertaking than agreed to." *Id*. Finally, the court rejected the government's argument that fines could be paid directly form [sic] bail monies because the United States, as a creditor in possession, had the same right as other creditors to apply a debtor's money to extinguish debts due. The court found that the **"clerk of court holds the cash bail under terms of a specific agreement,"** and concluded that the **"United States as creditor is not in possession of the debtor's money."** *Id*. at 226 (emphas[e]s in original).

79 F. Supp. 2d at 716, 717–18.

which [the defendant's brother,] a third party, not the defendant, has provided his own money to post defendant's bail."). Here, Sandra paid the money to secure Jackie's bond. Doc. #32-1. In the absence of evidence to the contrary, Sandra is Jackie's third party surety. *Hughes*, 2017 WL 2462725, at *1. Thus, § 2044 does not apply to support the government's request for the cash security.

Even if Sandra was not Jackie's third party surety, this Court agrees with other district courts in this circuit "that demonstrating the applicability of Section 2044 requires two showings: (1) that the money was deposited by the defendant or on the defendant's behalf; and (2) that the money belongs to the defendant." *Hughes*, 2017 WL 2462725, at *1 (citing *United States v. Harris*, No. 95-180, 1996 WL 291200, at *1 (E.D. La. May 29, 1996)). This Court also agrees with *Hughes*' conclusion that "the Government bears the burden of showing, by a preponderance of the evidence … that the funds in question belonged to the defendant and were not deposited by a third-party surety." *Id.* (citing *Gonzalez*, 2013 WL 654918, at *3–4).

In this case, the government has not shown that the $1,000 cash security belonged to Jackie. To the contrary, the deposit receipt lists Sandra as "Payer." Doc. #32-1; *see United States v. Starkie*, 166 F.3d 1211, 1999 WL 5068, at *3 (4th Cir. 1999) (unpublished table decision) ("[T]he receipt is the legal document that verifies ownership of the money on deposit."). In the absence of evidence otherwise, the government cannot successfully seek relief under § 2044.[7] *United*

---

[7] The government does not contend, much less offer any evidence, that Sandra's money should be deemed Jackie's money just because they are married. This Court will not presume that to be the case. *United States v. Rubenstein*, 971 F.2d 288, 295–96 (9th Cir. 1992) ("courts should not presume that money posted as bail is the defendant's. … If a presumption is necessary, then the receipt issued by the clerk is a good starting point.") (citing, among other cases, *Jones*, 607 F.2d at 688).

In *Hughes*, the government filed a motion seeking to pay the defendant's special assessment with money posted by the defendant's wife as security for the defendant's appearance bond. The government argued that the district court "must presume that the funds were community property under Texas law unless Hughes proves by clear and convincing evidence that they are his wife's separate property …." 2017 WL 2462725, at *2. United States District Judge George C. Hanks pointed out that the government had not presented any evidence to support the argument and "cite[d] no federal caselaw to support this position, and the only Fifth Circuit case the Court could find [*United States*

5

*States v. Bogart*, 490 F. Supp. 2d 885, 908 (S.D. Ohio 2007) ("If Defendant did not have title to the funds, then they cannot be used to satisfy Defendant's restitution obligations."); *Harris*, 1996 WL 291200 at *1 (bond money belonged to defendant's mother and fiancé).

More, the government provides no argument or authority that it is proper under § 2044 for a court to pay over to the government funds paid as bond security in one case to satisfy a restitution obligation in another case. Finally, § 2044 expressly requires relief sought under its authority to issue only "[o]n motion of the United States attorney." The government has filed no such motion here. *See Starkie*, 1999 WL 5068, at *3 ("[T]he issue of applying the funds only arises once the Government files a § 2044 motion."). Inexplicably, the government has not filed a § 2044 motion in Criminal Case No. 1:16-cr-118 either.

Federal Rule of Criminal Procedure Rule 46(g) provides that "[t]he court must exonerate the surety and release any bail when a bond condition has been satisfied …. The court must exonerate a surety who deposits cash in the amount of the bond …." Because this Court concludes that Sandra is Jackie's third party surety and that § 2044 does not otherwise apply, the money Sandra paid to secure Jackie's appearance bond must be returned to her, there being no dispute that the conditions of Jackie's appearance bond have been satisfied.

### III
### Conclusion

Jackie's "Motion to Release Bond Security" [57] is **GRANTED**. The Clerk of the Court

---

*v. Jones*, 607 F.2d 687 (5th Cir. 1979)] casts doubt on it." *Id.* Judge Hanks noted that in *Jones*, "a pre-Section-2044 case," the Fifth Circuit reversed the district court's order requiring the cash bond posted by the defendant's wife to be used for partial payment of the defendant's criminal fine, and remanded the case for a determination of whether the bail funds should be returned, not to the defendant, but to the defendant's wife or the defendant's attorney, to whom the wife had executed an assignment of the funds. *Id.* Judge Hanks then concluded, "Such is the case here. Hughes's wife not only posted the security funds but swore that she alone was the owner of the money at issue … and the Government has not presented any evidence to counter her affidavit of ownership." *Id.* Ultimately, Judge Hanks ordered the government to return the bail money Hughes' wife posted on Hughes' behalf.

is directed to pay to Sandra Arnold the $1,000 used as security for Jackie's appearance bond in this case.

**SO ORDERED**, this 27th day of February, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**